In re Application of Parkwood Villa, Inc.

[Cite as In re Application of Parkwood Villa, Inc.,
13 Ohio Misc. 191.]

(No. 64973—Decided August 16, 1967.)

Board of Tax Appeals, Department of Taxation, State
of Ohio.

*Messrs. Kahn, Kleinman, Yanowitz & Annan* and *Mr.
Fred Siegel*, for applicant.
*Mr. John T. Corrigan*, prosecuting attorney and *Mr.
Thomas P. Cyrus*, for Cuyahoga County.

This cause and matter came on to be considered by
the Board of Tax Appeals upon an application filed
herein under date of May 23, 1967, by Parkwood Villa, Inc.,
wherein remission of taxes and penalties is sought for real
property owned by Parkwood Villa, Inc., for the tax years
1961 through 1966, said property being situated in the
Cleveland City Taxing District of Cuyahoga County, Ohio,
and being listed on the auditor's tax records as permanent

parcel number 108-31-24. No application for tax exemption for the tax year 1967 was, or could be filed by applicant, for the reason that the property, on tax lien date 1967, was vacant and unused.

The matter was submitted to the Board of Tax Appeals upon the application and upon the testimony and evidence presented to the Board of Tax Appeals at a hearing in Cleveland, Ohio, on June 28, 1967.

From the testimony and evidence it appears that the legal title to the subject property, in 1956, was in Parkwood Villa, Inc., a corporation for profit, and that the property was a parcel of land with a frontage of 100 feet on Parkwood to a depth of 200 feet and that said parcel was improved with a structure having one main floor auditorium, a room on the side and some rooms on the second floor. On October 1, 1956, the applicant, Parkwood Villa, Inc., entered into a land contract wherein it agreed to sell the subject property to the Pleasant Grove Baptist Church (see applicant's Exhibit 1). The Pleasant Grove Baptist Church paid $13,000.00 cash at the time of signing the contract and the balance of $37,000.00 was to be paid in monthly installments of $400.00. Under the terms of the contract the Pleasant Grove Baptist Church was obligated to pay all taxes and assessments levied against the property, and it did so up to and including the tax year 1960. No taxes were paid on the subject property for the tax years 1961 through 1966 and said delinquent taxes and penalties in the total amount of $5238.72 are the subject matter of the application now before us.

From the testimony in the record it appears that the Pleasant Grove Baptist Church used the property for public worship up to some time in the year 1966, at which time the building was entirely destroyed by fire. It also appears that the legal title was never transferred to the Pleasant Grove Baptist Church and that, thereafter, Parkwood Villa, Inc., foreclosed the land contract and repossessed the property as is evidenced by a journal entry of The Cleveland Municipal Court in Case Number A 806349 (see applicant's Exhibit 2).

The Cuyahoga County Auditor questions the jurisdic-

tion and authority of the Board of Tax Appeals to remit the taxes and penalties here in question under the provisions of Sections 5709.07 and 5713.08, Revised Code, the pertinent portions of which sections read as follows:

Section 5709.07, Revised Code. "Public schoolhouses *and houses used exclusively for public worship*, the books and furniture therein, and the ground attached to such buildings necessary for the proper occupancy, use and enjoyment thereof, and not leased or otherwise used with a view to profit, * * *, shall be exempt from taxation." (Emphasis by Board of Tax Appeals.)

Section 5713.08, Revised Code. "The board shall not consider an application for exemption of property under such sections unless the application has attached thereto a certificate or affidavit executed by the county treasurer certifying that taxes, assessments, penalties, and interest levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed.

"Taxes, penalties, and interest which have accrued after the property began its use for the exempt purpose, *but in no case prior to the date of acquisition of the title to said property by applicant*, may be remitted by the auditor, with the consent of the board." (Emphasis by Board of Tax Appeals.)

It is well settled in Ohio law that tax exemption statutes are not self-executing and that said statutes are to be strictly construed against the one seeking exemption.

As previously noted the Pleasant Grove Baptist Church, under the terms of the land contract, was obligated to pay all real property taxes levied and assessed against the property and it is obvious that, under the provisions of Sections 5709.07 and 5713.08, Revised Code, the only *applicant* which could have secured tax exemption and tax remission for the property during the years 1961 through 1966 was the Pleasant Grove Baptist Church. Parkwood Villa, Inc., could not have been an *applicant* for tax exemption and tax remission during the years 1961 through 1966 and we see no reason why, in the year 1967, Parkwood Villa, Inc., should be entitled to become an *ap-*

*plicant* in the year 1967 for the remission of taxes which accrued during the years 1961 through 1966. The statutory authority to seek tax exemption and remission is a privilege and is not an absolute right and this privilege to seek tax exemption and remission was not exercised by the Parkwood Grove Baptist Church. The statutes make no provision for this privilege to be passed on to or used by, Parkwood Villa, Inc.

We are of the opinion that, under the provisions of Section 5713.08, Revised Code, an application for the remission of real property taxes and penalties can be considered on its merits by the Board of Tax Appeals *only* in connection with an application for tax exemption which has been filed concurrently with the application for tax remission. This means that if the Board of Tax Appeals has (1) no application for tax exemption before it for decision or (2) it has an application for tax exemption before it for decision but finds that the property is not entitled to tax exemption for the current year—then the board has no jurisdiction to consider, or pass on its merits, an application for tax remission for prior years.

The application for tax remission is therefore dismissed for the reason that the jurisdiction of the Board of Tax Appeals to remit prior years, taxes under the provisions of Section 5713.08, Revised Code, is ancillary in nature and can be exercised only in connection with an application for tax exemption for the current year which has been filed with it.

*Application dismissed.*